FILED

MAR 3 0 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 05-0115M-01 (JMF) |
| v. | : Plea Proceedings: March 30, 2005 |
| BRUCE GRAHAM, | |
|                 Defendant. | |

## STATEMENT OF OFFENSE

Had this case proceeded to trial, the United States would have established the following facts beyond a reasonable doubt:

The Defense Nuclear Facilities Safety Board (DFNSB) is an independent federal agency established by Congress in 1988. The Board's mandate under the Atomic Energy Act is to provide safety oversight of the nuclear weapons complex operated by the Department of Energy (DOE). The nuclear weapons program remains a complex and hazardous operation. DOE must maintain readiness of the nuclear arsenal, dismantle surplus weapons, dispose of excess radioactive materials, clean up surplus facilities, and construct new facilities for many purposes. The constant vigilance of the Board is required to ensure that all of these activities are carried out by DOE in a manner that provides adequate protection for the public, workers, and the environment.

On or about September 2, 2004, FBI Special Agent Ronald Clark received a complaint from the General Counsel, Defense Nuclear Facilities Safety Board, 625 Indiana Avenue, N.W., Suite 700, Washington, D.C. 20004. The General Counsel reported that the Defense Nuclear Facilities Safety Board (DNFSB) had an insider that acceded authority and accessed confidential material. The

Defense Nuclear Facilities Safety Board is a United States Government entity. The FBI launched an investigation which revealed the following facts:

On or about August 18, 2004, a DNFSB Systems Analyst ran a routine internet usage report for all employees using Surfcontrol, a program that monitors Internet usage. The report indicated that Mr. Graham had an extremely high amount of Internet usage time; almost 2 hours. This high amount of usage resulted in the Systems Analyst running a detailed report using Surfcontrol that listed all the Universal Resource Locator (URLs), that is websites, that Mr. Graham accessed on August 18, 2004. The report showed that Mr. Graham viewed website www.passwordrecoverytools.com., a hacking website.

Mr. Graham was employed as Mission Support Specialist (technician) and had been employed with DNFSB since 1994. In this position, Mr. Graham was responsible for providing computer and graphics support services to the technical staff and for managing and improving document information systems related to the strategic initiatives of the Board. Based upon the Surfcontrol report, DNFSB determined to monitor Mr. Graham's computer usage on a more detailed level using Spectrasoft software. This software monitors and automatically records and archives all employee Internet and personal computer (PC) activity and allows the recordings to be viewed remotely.

All computer users at DNFSB see the following computer banner when they access their computer:

> The DNFSB Automated Processing System is a government computer system for authorized use only. All data contained on the system are the property of the Federal government. The system is monitored to prevent and detect unauthorized access.

In order to continue computer usage, the user must click the "O.K." button. By clicking this button, the user is consents to the usage policy.

In addition to the banner, DNFSB had an administrative policy, AP 501-1, dated June 30, 2000, which delineates rules concerning the e-mail and Internet Access Acceptable Use Policies. There is a yearly mandatory ethics training that all employees must attend regarding AP- 510-1[1] and another policy, AP 241.1, which concerns personal use of government office equipment. The annual training stresses that employees have no expectation of privacy when using the Internet or DNFSB computer systems and that such use in strictly monitored. Mr. Graham attended the ethics training on December 19, 2002, during which these policies were reviewed.

On or about August 24, 2004, Spectrasoft was installed on DNFSB's network server and Graham's desktop. The installation of the software was tested by having an individual logging onto

---

[1] **AP 501-1, E-mail and Internet Access Acceptability Use Policy**, provides, in part:
A. Prohibited Uses
The following activities are prohibited, during working and non-working hours:
2. Knowingly accessing any computer without, or in excess of, granted authorization;

D. No Expectation of Privacy
Employees and contractors do not have a right, nor should they have an expectation, of privacy in the use of DNFSB E-mail and Internet access services. The DNFSB may monitor E-mail messages or other documents on government computer systems whenever it has a legitimate Governmental purpose for doing so, including for purposes of systems administration and security. To the extent that employees and contractors wish that their private activities remain private, they should avoid using the DNFSB's computer systems for such activities.
Use of DNFSB computer systems constitutes consent to monitoring for the purposes of identifying improper use and ensuring that DNFSB E-mail and Internet access services remain available to and functioning properly for all users.

E. Monitoring or Access to E-Mail or Documents on Computer Systems
...Employees and contractors are prohibited from accessing the E-mail, electronic files or documents, or otherwise monitoring the online activities of another employee or contractor except in accordance with the polity of this document.

Mr. Graham's's desktop as the administrator while the Systems Analyst monitored the connection and results on the network server. The Systems Analyst was able to observe all Internet and PC activity while the associate was logged on as the administrator. This was recorded and archived.

From August 25 through September 1, 2004, Mr. Graham's Internet and PC activity was monitored, recorded, and archived. The Systems Analyst monitored Mr. Graham's activity in real time and observed Mr. Graham accessing the groupwise e-mail account of Laureen Manning, Deputy Directory and also the Acting Director for Human Resources. On her e-mail account, Ms. Manning had employee personal information, including among other things, financial and medical information and information concerning personnel actions for DFSND employees. Mr. Graham was not authorized to access Ms. Manning's e-mail. While accessing her e-mail account it was recorded that Mr. Graham read all of Ms. Manning's opened, sent, and deleted messages.

On August 25, 2004, Mr. Graham accessed Ms. Manning's account four times, at 5:38 a.m., 8:49 a.m., 11:01 a.m., and 1:43 p.m. During the 1:43 p.m. access session, Mr. Graham opened an e-mail message marked "confidential" and saved the Excel spreadsheet named "Awards-Info-OGM.xls" to his local desktop harddrive. This spread sheet was a ruse and contained purposely false information about employee raises and promotions. On six occasions, Mr. Graham attempted to guess the password on the password protected Excel spreadsheet. Mr. Graham was unsuccessful at guessing the password and attempted to by-pass the security by printing the spreadsheet.

On or about August 26, 2004, an individual sent Ms. Manning an e-mail message that had two (2) Excel spreadsheets attached. Both documents were ruses that were password protected and mark "confidential." Mr. Graham accessed Ms. Manning's e-mail account at 5:50 a.m., read her

opened, sent, and deleted e-mail messages and saved the two (2) Excel spreadsheets to his local desktop harddrive.

At 6:09 a.m., Mr. Graham logged into his personal Comcast e-mail account "bpgraham@comcast.net". He then sent two (2) e-mail messages to himself. The first e-mail message had an Excel spreadsheet with the name "techstaff.xls" attached to it. The second e-mail message had Excel spreadsheets "Awards-Info-OGM.xls", "FY 2004 SALARY AND BENEFITS PROJECTIONS with 4.42% pay increase.xls", and "techstaff rev1.xls" attached to it.

At 6:10 a.m., Mr. Graham deleted two (2) of the four (4) Excel spreadsheets from his local desktop harddrive and emptied the recycle bin.

At 7:00 a.m., Mr. Graham logged into his personal Comcast e-mail account "bpgraham@comcast.net" and verified that the e-mail message containing "techstaff.xls" was delivered.

At 7:05 a.m., Mr. Graham logged into his personal Comcast e-mail account "bpgraham@comcast.net" and verified that the e-mail message containing "Awards-Info-OGM.xls", "FY 2004 SALARY AND BENEFITS PROJECTIONS with 4.42% pay increase.xls", and "techstaff rev1.xls" was delivered.

At 08:44 a.m., 10:40 a.m., 12:00 a.m., and 1:35 a.m., Mr. Graham accessed Ms. Manning's e-mail account, read her opened, sent, and deleted e-mail messages and viewed the attachments.

On or about August 27, 2004, an individual sent Ms. Manning an e-mail message that had an Excel spreadsheet attached that was password protected and marked "confidential," with the name "FY2004 SALARY AND BENEFITS PROJECTIONS (Final).xls" At 6:00a.m., Mr. Graham accessed Ms. Manning's e-mail account and read her opened, sent, and deleted e-mail messages.

At 6:58 a.m., Mr. Graham logged into his personal Comcast e-mail account "bpgraham@comcast.net" and deleted the messages with the Excel spreadsheets attached.

At 10:26 a.m, Mr. Graham accessed Ms. Manning's e-mail account and read her opened, sent, and deleted e-mail messages.

At 1:46 p.m., Mr. Graham accessed Ms. Manning's e-mail account and read her opened, sent, and deleted e-mail messages, and attempted to open a password protected Excel spreadsheet named, "FY2004 SALARY AND BENEFITS PROJECTIONS (Final).xls." He was unsuccessful at guessing the password.

On August 30, 2004 at 5:43 a.m., Mr. Graham accessed Ms. Manning's e-mail account and read her opened, sent, and deleted e-mail messages.

At 8:19 a.m., Mr. Graham accessed Ms. Manning's e-mail account and read her opened, sent, and deleted e-mail messages, and saved an Excel spreadsheet named "FY2004 SALARY AND BENEFITS PROJECTIONS (Final).xls" to his local desktop harddrive.

At 8:53 a.m., Mr. Graham attempted to access the Excel spreadsheet named "FY2004 SALARY AND BENEFITS PROJECTIONS (Final).xls". Mr. Graham attempted to guess the security password on the Excel spreadsheet once, was unsuccessful, then deleted the spreadsheet from his local desktop harddrive.

At 9:27 a.m., and at 10:15 a.m, Mr. Graham accessed Ms. Manning's e-mail account and read her opened, sent, and deleted e-mail messages.

At 10:17 a.m., Mr. Graham began searching the Internet via www.yahoo.com search engine site for "Excel Password". Mr. Graham viewed several websites returned by YAHOO. Mr. Graham then downloaded a file named, "FreeWordExcelpasswordrecoverywizard.zip" and attempted to

install the program on his local desktop harddrive. However, the download was unsuccessful due to authorization policy limitations set by DNFSAB. Mr. Graham logged into his personal Comcast e-mail account "bpgraham@comcast.net" and sent the file named "FreeWordExcelpasswordrecoverywizard.zip" to his YAHOO! e-mail account "grahambp@yahoo.com." He then deleted the file from his local desktop harddrive.

At 11:12 a.m., Mr. Graham accessed Ms. Manning's e-mail account and read her opened, sent, and deleted e-mail messages.

On or about August 31, 2004 at 5:36 a.m., Mr. Graham deleted the Excel spreadsheet "techstaff_rev1(1).xls" from his local desktop harddrive.

At 5:40 a.m., Mr. Graham accessed Ms. Manning's e-mail account and read her opened, sent, and deleted e-mail messages.

At 6:13 a.m., Mr. Graham accessed his YAHOO! e-mail account "grahambp@yahoo.com", and verified that the e-mail message containing "FreeWordExcelpasswordrecoverywizard.zip" was there. Records obtained from Yahoo!, Inc. verified that Mr. Graham logged into his Yahoo! at 6:13 a.m. from Internet Protocol (IP) Address 63.109.81.160. This IP Address is registered to the Defense Nuclear Facilities Safety Board. Records also established that IP Address 68.50.4.158 accessed the e-mail account "grahambp@yahoo.com" at 4:37 p.m. IP Address 68.50.4.158 is registered to Comcast Communications. According to records of Comcast Communications, since August 1, 2004, IP Address 68.50.4.158 was assigned to Bruce Graham, 13622 Kingsman Road, Woodbridge, Virginia 22193.

At 7:54 a.m., 9:29 a.m., 10:59 a.m., and 1:07 p.m., Mr. Graham accessed Ms. Manning's e-mail account and read her opened, sent, and deleted e-mail messages.

On or about August 31, 2004, Mr. Graham discussed the pending promotions contained in the Excel spreadsheet named "FY2004 SALARY AND BENEFITS PROJECTIONS (Final).xls" with a co-worker. The spreadsheet was password protected and marked, "confidential."

On or about September 1, 2004 at 5:46 a.m., Mr. Graham accessed Ms. Manning's e-mail account and read her opened, sent, and deleted e-mail messages.

At approximately 10:15 a.m., Mr. Graham was called to a meeting with the general counsel and escorted from the building without being allowed access to his desktop computer.

On October 28, 2004, a duly authorized search warrant was executed at the Graham residence at 13622 Kingsman Road, Woodbridge. Computer equipment was recovered during the search. Subsequently, Mr. Graham contacted Special Agent Clark and on November 16, 2004, Mr. Graham voluntarily appeared at the offices of the FBI in Falls Church, VA for an interview. During the interview, Mr. Graham admitted that he had been accessing Ms. Manning's e-mail account for approximately two years. The investigation revealed that Mr. Graham did not have authorization to access Ms. Manning's e-mail account at any time. There was a misconfiguration of the administrative privileges to Ms. Manning's account which enabled Mr. Graham to gain access.

According to General Counsel for DNFSB, the manpower and software costs associated with responding to and conducting a damage assessment of the unauthorized access amounted to $21,922.64.

KENNETH L. WAINSTEIN
United States Attorney
for the District of Columbia
D.C. Bar No. 451058

By: *(signature)*
SHERRI L. SCHORNSTEIN
Assistant U.S. Attorney
D.C. Bar# 415219
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-6956

I declare under penalty of perjury that the foregoing is a true and accurate statement of facts.

*(signature)*
BRUCE GRAHAM,
Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel for Defendant, J. Scott Krein, Esq., 14914 Jefferson Davis Highway, Woodbridge, VA 22191, this __11th__, day of March, 2005, via the U.S. Mails.

SHERRI L. SCHORNSTEIN
Assistant U.S. Attorney